IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. DEMOND, JR., )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>AMERIPRISE INSURANCE COMPANY, )<br>IDS PROPERTY CASUALTY   )<br>INSURANCE COMPANY, AND   )<br>DAVID ADAMCZYK,   )<br>   )<br>   Defendants.   ) | Case No. 13-cv-00649-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Partial Motion for Summary Judgment (Doc. 31). Upon initial review, the Court noted that Defendants' Exhibit A was incorrect. The Court allowed the Defendants to file the correct Exhibit A and further allowed Plaintiff additional time to modify or amend his response upon review of the correct exhibit. As such, Plaintiff filed an initial Response (Doc. 33) and then Plaintiff filed a subsequent Response (Doc. 40). Defendant IDS Property Casualty Insurance Company (hereafter "IDS") filed a Reply (Doc. 41). The Court further notes that Defendant Ameriprise Insurance Company was dismissed from this action after the filing of the Partial Motion for Summary Judgment and that IDS is the only remaining defendant with regard to the Partial Motion for Summary Judgment.

**I. Background**.

This matter arises from the theft of Plaintiff's personal property from his home in O'Fallon, Illinois.[1] Plaintiff was insured by IDS and IDS denied the Plaintiff's claim for the

---

[1] Information on background complied from Plaintiff's Complaint (Doc. 2-2) and, for the purpose of summary judgment, taken in the light most favorable to the Plaintiff.

1

stolen items on the grounds that Plaintiff allegedly misrepresented material facts and submitted a fraudulent claim.

During the course of IDS' investigation into the lost, Defendant David Adamczyk interviewed the Plaintiff and "took a selectively recorded video statement." During the recorded statement, while the camera was off, David Adamczyk told the Plaintiff that he had committed insurance fraud and that Plaintiff would be prosecuted and "wind up in jail." As a result of the threats, Plaintiff telephoned an employee of IDS and stated he was dropping his claim. The interview was conducted on August 9th, 2012.

The Partial Motion for Summary Judgment (Doc. 31) argues, with regard to Count III, that the Plaintiff has failed to state a claim for infliction of emotional distress.

**II. Analysis**.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by

"some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life of a case." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008).

"[T]he Illinois Supreme Court set forth three requirements necessary to demonstrate the intentional infliction of emotional distress: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). "Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case." Id, at 490. "The conduct must go beyond all bounds of decency and be intolerable in a civilized community." It does not extend to "'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id*, at 490, quoting *McGrath v. Fahey*, 127 Ill.2d 724 quoting Restatement (Second) of Torts (1965).

"The emotional distress must be *severe*. Although fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term "emotional distress," these mental conditions alone are not actionable. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity." *Id*, at 495.

According to the Plaintiff's Complaint, the conduct of Defendant Adamczyk aggravated Plaintiff's anxiety causing him to seek additional and renewed medical treatment and medication

3

for anxiety. He further alleges that Defendant Adamczyk's conduct caused him substantial mental pain, emotion distress, increase in aggravated anxiety and substantial expenses for medical care and treatment. (Doc. 2-2, page 15, paragraphs. 27 & 28).

However, Plaintiff's testimony clearly states that he has received no counseling or medical treatment since June 26th, 2012 – prior to the interview with Defendant Adamczyk on August 9th, 2012. (Doc. 38-1, pages 156-157). Further, he has taken no medications since the interview and when asked if the panic continued after the August 9th interview, his response was, "Yeah. Kind of, for a while." (Doc. 38-1, pages 168-169). As such, without even addressing the first two elements necessary to demonstrate infliction of emotion distress, Plaintiff has failed to provide evidence wherein a fair-minded jury could return a verdict for the Plaintiff that he incurred emotional distress so severe that no reasonable man could be expected to endure it.

### III. Conclusion.

Based on the above, Defendants' Partial Motion for Summary Judgment (Doc. 31) is **GRANTED** and Count III of Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** 3/17/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**